## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF PUERTO RICO

IN RE:                                                    :
                                                          :
EL COMANDANTE MANAGEMENT                                  :        Case No. 04-10938
COMPANY, LLC, et al.,                                     :        Chapter 11
                                                          :
        Debtors.                                          :        (Jointly Administered)
_____                         :

### OPINION AND ORDER

This case is before the court upon Motion for Stay Pending Appeal filed on August 18, 2006 by the Hon. Juan Vaquer Castrodad ("Mr. Vaquer"), Executive Director of the Land Administration of Puerto Rico. (Docket No. 1525). For the reasons set forth below the motion is hereby granted.

### Factual and Procedural Background

On June 8, 2006, this court entered an Opinion and Order (Docket No. 1182) denying the opposition to motion for contempt for violation of the automatic stay provisions of the Bankruptcy Code filed by Mr. Vaquer, in his personal capacity (Docket No. 1114). In his opposition, Mr. Vaquer argued that there was no violation of stay because an eminent domain action had not been filed; and, that he had complied with some discovery requests and was ready to continue with discovery. In the June 8, 2006 Opinion and Order this court also denied the Motion to Dismiss Debtors' Motion to Show Cause and to Set Aside Pending Discovery (Docket No. 1111) filed by Hon. Jorge Silva Puras ("Mr. Silva Puras") in which he alleges lack of jurisdiction of the bankruptcy court,

AO 72
(Rev. 8/82)

because an eminent domain action had not been filed; and, on the grounds that he enjoyed qualified immunity for his actions. This court denied Mr. Silva Puras' request for qualified immunity.

The facts relevant to the actions taken by Mr. Vaquer and Mr. Silva Puras, which prompted the filing of debtors' motion for contempt for violation of the automatic stay were detailed in this court's Opinion and Order of June 8, 2006. The following is a brief summary of these facts which are included in debtors' motion and documents in support thereof and that must be accepted as true when considering a motion to dismiss.

El Comandante Management Company, LLC ("ECMC"), Housing Development Associates, S.E. ("HDA"), and El Comandante Capital Corporation ("ECCC") (collectively the "debtors"), filed for bankruptcy under chapter 11 of the Bankruptcy Code on October 14, 2004. During the year 2005, Mr. Vaquer was appointed Executive Director of the Land Administration of the Commonwealth of Puerto Rico, and Mr. Silva Puras was appointed Secretary of the Department of Economic Development and Commerce of the Commonwealth of Puerto Rico. In September 2005, Mr. Silva Puras made several statements to the media regarding the government's intention of taking the debtors' property, specifically the land where El Comandante racetrack is located. Mr. Silva Puras' statements and actions concerning the government's possible taking of debtors' property are intertwined with those of Mr. Vaquer. The statements made by Silva Puras to the media prompted debtors' Urgent Motion for an Order to Show Cause and later Motion for Contempt for Violation 11 U.S.C. 362(A) [sic] against Mr. Silva Puras and Mr. Vaquer for failure to comply with discovery requests and trying to exercise

2

control over debtors' property of the estates (Docket No. 1110).

On June 30, 2006 Mr. Vaquer filed Motion under Fed R Civ P 60(b) and Request for Reconsideration of the June 8, 2006 Opinion and Order (the "Motion for Reconsideration") (Docket No. 1260). In the Motion for Reconsideration Mr. Vaquer argues, *inter alia*, that this court erred when it ruled that Mr. Silva Puras and him are not entitled to qualified immunity, particularly because "their conduct did not violate any clearly established statutory or constitutional right, inasmuch as it is clear that a violation of stay requires an overt act that exercises control over property of the estate." Motion for Reconsideration, Docket No. 1260 at page 6.

On July 10, 2006 Mr. Vaquer filed: Motion for Leave to Appeal the June 8, 2006 Opinion and Order (Docket No. 1300), Motion Requesting an Extension of Time to File Notice of Appeal Pursuant to Fed R Bankr P 8002 (Docket No. 1301), and Notice of Appeal of the June 8, 2006 Opinion and Order (Docket No. 1302).

On August 10, 2006 this court denied the Motion for Reconsideration (Docket No. 1477) and on August 11, 2006 denied the motion for extension of time (Docket No. 1488). In the August 10, 2006 Opinion and Order this court notes that in his opposition to the motion for contempt for violation of the automatic stay provisions of the Bankruptcy Code, Mr. Vaquer did not address the issue of qualified immunity, thus he had no standing to challenge the court's ruling as to Mr. Silva Puras' request to dismiss claiming to be entitled to qualified immunity. This court added that to the extent the Motion for Reconsideration may be construed as a motion to dismiss on the grounds that Mr. Vaquer may be entitled to qualified immunity, the same was denied for the reasons

3

AO 72
(Rev. 8/82)

explained subsequently, which expanded on the court's rationale espoused in the June 8, 2006 Opinion and Order.   In the August 10, 2006 Opinion and Order the court discussed the three prong test followed in our circuit to determine whether a state officer is entitled to qualified immunity, to wit, (a) that the allegations made by plaintiff, if true, establish a constitutional violation; (b) that the constitutional right at issue was clearly established at the time of the putative violation; and (c) that a reasonable officer, situated similarly to the defendant, would have understood the challenged act or omission to contravene the discerned constitutional right, <u>Pagan et al v. Calderon</u>, 448 F.3d 16, 31 (1st Cir. 2006) (citations omitted), and concluded that Mr. Vaquer is not entitled to the qualified immunity defense.

On August 18, 2006 Mr. Vaquer filed Notice of Appeal the Opinion and Order entered on August 10, 2006 (Docket No. 1523) and on August 21, 2006 he filed Notice of Appeal of order entered on August 11, 2006 denying his motion requesting extension of time to file the Notice of Appeal (Docket No. 1538).

The Motion for Stay Pending Appeal filed on August 18, 2006 (Docket No. 1525) by Mr. Vaquer argues that the filing of the Notice of Appeal divests the court of jurisdiction over the matters subject to the appeal and continues to discuss the four factors considered by the courts upon determining whether to grant a motion for stay pending appeal, to wit, 1. likelihood that a party seeking the stay will prevail on the merits of the appeal; 2. irreparable injury to the moving party unless the stay is granted; 3. no substantial harm will be caused to the moving party unless the stay is granted; and 4. the public interest will not be harmed if a stay is denied.

AO 72
(Rev. 8/82)

On September 7, 2006 debtors filed Opposition to Motion for Stay Pending Appeal arguing that Mr. Vaquer failed to prove that he will suffer irreparable injury if the stay is denied; that no substantial harm will be caused to other interested parties; and, that the stay will do no harm to the public interest, therefore the stay pending appeal should be denied.

### Discussion

As stated in the Opinion and Order entered on August 10, 2006 the defense of qualified immunity is a "judge made doctrine" geared to limit the personal liability in damages actions against  public officials when exercising discretionary functions in their government roles.  The concept inspiring the qualified immunity doctrine as set forth in Harlow v. Fitzgerald, 457 U.S. 800, 102 S.Ct. 2727, 73 L.Ed.2d. 396 (1982), is that "where an official's duties legitimately require action in which clearly established rights are not implicated, the public interest may be better served by action taken 'with independence and without fear of consequences'" Id. at 819 .  The referred consequences include "the general costs of subjecting officials to the risks of trial-distraction of officials from their governmental duties, inhibition of discretionary action, and deterrence of able people from public service." Id. at 816.

Later, the Supreme Court, in the case of Mitchell v. Forsyth, 472 U.S. 511, 105 S. Ct 2806, 86 L.Ed.2d. 411 (1985), expanding on its decision in Harlow, established that a "district court's denial of a qualified immunity claim, to the extent that it turns on an issue of law, is an appealable final decision within the meaning of 28 USC sec. 1291, notwithstanding the absence of a final judgment".  The Forsyth Court reasoned that "the

AO 72
(Rev. 8/82)

entitlement [to qualified immunity] is an *immunity from suit* rather than a mere defense to liability; and like absolute immunity, it is effectively lost if a case is erroneously permitted to go to trial." Id. at 526 (emphasis in the original). In fact, the Supreme Court has repeatedly "stressed the importance of resolving immunity questions at the earliest possible stage in litigation". Hunter v. Bryant, 502 U.S. 224, 227, 112 S.Ct. 534, 116 L.Ed.2d 589 (1991), cited in Saucier, 121 S.Ct. at 2156. Where a defendant seeks qualified immunity, courts are encouraged to make a ruling on the issue "early in the proceedings so that the costs and expenses of trial are avoided where the defense is dispositive." Id. at 2156-57.

In light of the Supreme Court's decisions in Harlow, and subsequently in Forsyth, the First Circuit Court of Appeals in the case of Hegarty v. Somerset, 25 F.3d 17 at 18 (1st Cir. 1994) stayed discovery pending resolution of the interlocutory appeals on the issue of qualified immunity by stating that "the rationale for allowing an immediate appeal from the denial of qualified immunity is that the immunity from suit is effectively lost if a case is erroneously permitted to go to trial". The Hegarty case involved a 42 U.S.C. sec. 1983 suit for money damages against police officers who attempting to execute a warrantless entry and arrest, killed a woman in her home. The court denied summary judgment on the basis of qualified immunity to the individual officers, and they appealed and moved for a stay of discovery in the case while the appeal of the denial of qualified immunity was pending. The Hegarty court found that the immunity from suit includes protection from the burdens of discovery;

AO 72
(Rev. 8/82)

we believe that the stay of discovery, of necessity, ordinarily must carry over through the appellate court's resolution of that question [immunity], so long as the appeal is non frivolous. The rationale for staying discovery applies with no less force while the appeal, to which the officers are entitled, proceeds.

Hegarty at 18.

In the case of Rivera Torres v. Ortiz Velez, 341 F.3d 86 (1st Cir. 2003), the First Circuit again faced the question of a stay pending an appeal of an order denying qualified immunity to defendants. In Rivera Torres the court recognized that the filing of interlocutory appeals confers jurisdiction on the court of appeals and strips the district court of authority over those matters subject to the appeal until the court of appeals issues its mandate. Id. at 93. The court acknowledged that this principle may lead to frivolous appeals taken in order to stall proceedings against them; the aggrieved individuals need only file a notice of appeal in order to effectively stop the proceedings. The Seventh Circuit, as well as the Sixth, Ninth and Tenth Circuits have carved out an exception when appeals are taken frivolously. These Circuits have established a certification procedure to address interlocutory appeals challenging the denial of qualified immunity. Id. at 95. The district court certifies to the court of appeals that the appeal is frivolous and continues with the trial, not losing jurisdiction because the appeal taken is baseless. See, Apostol v. Gallion, 870 F.2d 1335 (7th Cir. 1989). The party aggrieved by the determination of frivolousness may turn to the court of appeals for a stay; if it is concluded that the appeal presents a genuine issue, the trial is postponed until the appeal is resolved. Id. at 1339. If however, the district court does not find frivolousness, the proceedings are automatically stayed by virtue of Forsyth. Id.

7

The First Circuit has not specifically adapted the certification procedure. However, the Rivera Torres court found that the frivolousness analysis resembles the evaluation that courts must conduct upon entertaining a motion for stay pending appeal; that is, considering the merits of the petition and anticipating the outcome of the appeal. Rivera Torres, 341 F. 3d at 95. In the case of Rivera Torres the court found that the appeal was "patently meritless" and thus, it failed to divest the district court from its jurisdiction.

Having evaluated the arguments presented by counsel for both parties in the Motion for Stay Pending Appeal and its Opposition, this court cannot conclude that the appeal taken on August 18, 2006 is totally devoid of merit and thus frivolous. Therefore, in light of the foregoing, the Motion for Stay Pending Appeal filed by Mr. Juan Vaquer Castrodad (Docket No. 1525) is hereby granted.

SO ORDERED.

In San Juan, Puerto Rico, this 14th day of September, 2006.

ENRIQUE S. LAMOUTTE
U. S. Bankruptcy Judge

8

AO 72
(Rev. 8/82)